IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2006-D

| | | |
|---|---|---|
| JAMES E. WILLIAMS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On January 11, 2010, James E. Williams, Jr. ("Williams" or "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. On October 19, 2010, the court reviewed the petition and allowed it to proceed in part [D.E. 2]. On March 10, 2011, respondent filed a motion to dismiss or for summary judgment [D.E. 7], along with the declaration of Andrew Roush, a Management Analyst for the Bureau of Prisons ("BOP") at the Designation and Sentence Computation Center [D.E. 8-1], and several exhibits [D.E. 8-1, 2]. Because respondent attached materials that are outside the scope of the pleadings, the court construes the motion as requesting summary judgment. See Fed. R. Civ. P. 12(d). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Williams about the motion to dismiss or for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 9]. On March 31, 2011, Williams filed a response in opposition to the motion, along with two affidavits and several exhibits [D.E. 10]. On May 11, 2011, Williams filed a "motion to clarify whether writ should be kept in this court or transferred to the district where petitioner will be at upon release" [D.E. 11]. As explained below, the court grants the motion for summary judgment and denies petitioner's motion.

I.

On February 2, 1998, in the Southern District of Alabama, Williams was arrested by federal law enforcement agents, on the charge of possession of a firearm by convicted felon. Roush Decl. ¶ 7; see United States v. Williams, No. 2:98CR00018-001 (S.D. Ala.). On February 3, 1998, Williams was released on pretrial conditions, including home detention. See Roush Decl. ¶ 8; Pet'r Resp. Opp'n Mot. Summ. J. 2 (citing Williams, No. 2:98CR00018-001, [D.E. 6] (S.D. Ala. Feb. 2, 1998) (docket entry reflecting order on initial appearance)).

On April 18, 1998, law enforcement authorities in Wilcox County, Alabama arrested, Williams, charged him with a state offense, and held him at the Wilcox County Jail until April 28, 1998. Roush Decl. ¶ 8; see Pet'r Resp. Opp'n Mot. Summ. J. 2 (acknowledging arrest but stating that he did not commit the offense). On April 23, 1998, pursuant to a writ of habeas corpus ad prosequendum, the United States Marshal Service ("USMS") removed Williams from the Wilcox County Jail and placed him in the Mobile County Jail so that Williams could appear in federal court for prosecution. Roush Decl. ¶ 9 & Att. 2 (USMS custody and detention report); see Pet'r Resp. Opp'n Mot. Summ. J. 2 (describing the Mobile County Jail as the "Mobile Co. Metro Federal Detention"). On April 28, 1998, the federal court granted Williams's motion to determine his competency to stand trial. See Williams, No. 2:98CR00018-001, [D.E. 23] (S.D. Ala. Apr. 28, 1998) (unpublished). Between June 1, 1998 and October 6, 1998, Williams was evaluated at the Federal Correctional Institution in Petersburg, Virginia. Roush Decl., Att. 2. On October 6, 1998, the government returned Williams to the Mobile County Jail. See id.

Williams was competent and ultimately pleaded guilty to one count of possession of a firearm by a convicted felon. On January 22, 1999, in the Southern District of Alabama, the court sentenced Williams to a term of imprisonment of 120 months. See Roush Decl. ¶ 10; see Williams, No.

2

2:98CR00018-001, [D.E. 32] (S.D. Ala. Feb. 2, 1999) (judgment). On February 23, 1999, Williams was returned to state custody and his federal criminal judgment was lodged as a detainer with the state. Roush Decl. ¶ 10 & Att. 2. On June 28, 2000, the state of Alabama sentenced Williams to a term of imprisonment of ten years, and credited the time period between April 18, 1998, and June 28, 2000, against his state sentence. Roush Decl. ¶ 11. On September 17, 2002, the state of Alabama released Williams into federal custody. Id. ¶ 12 & Atts. 6–7.

In accordance with Bureau of Prisons ("BOP") Program Statement 5880.28, BOP's Sentence Computation Manual, and 18 U.S.C. § 3585(a), the BOP prepared a sentence computation for Williams. Roush Decl. ¶ 13. Williams's 120-month sentence began on the day of his release from state custody, September 17, 2002, and included a credit for the period between his federal arrest and his release to state custody, February 2, 1998, through February 3, 1998. Id.

On August 26, 2003, Williams filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the court denied on June 15, 2005. Pet. ¶ 8; see Williams, No. 2:98CR00018-001 (S.D. Ala.) (docket entries indicating filing of § 2255 motion and order denying the motion). In 2008, Williams applied to the BOP for a nunc pro tunc designation of his federal sentence to commence with his completed state sentence, pursuant to 18 U.S.C. § 3621(b). Roush Decl. ¶¶ 19–23 & Atts. 12, 14. On July 23, 2008, the BOP considered all the relevant factors set forth in section 3621(b) and denied Williams's application. Id. ¶ 23 & Att. 14. On June 2, 2011, the BOP released Williams from his term of incarceration [D.E. 11].

II.

Because Williams is no longer subject to the term of incarceration he challenges, the court must examine whether it retains jurisdiction to consider his petition. See Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("[T]he question of whether we are presented with a live case or

3

controversy is a question we may raise sua sponte...."). Here, because Williams remains subject to supervised release and the court has the power to reduce that term, the court has jurisdiction to rule on the merits of the petition despite Williams's release from incarceration. See, e.g., Watkins v. Haynes, No. 10-14288, 2011 WL 3966098, at *2 (11th Cir. Sept. 9, 2011) (per curiam) (unpublished); Wright v. Anderson, No. 5:04-cv-001086, 2008 WL 583442, at *2 (S.D. W. Va. Feb. 29, 2008) (unpublished)

In considering the motion for summary judgment, the court views the evidence in the light most favorable to plaintiff and applies well-established principles under Rule 56 of the Federal Rules of Civil Procedure. See, e.g., Fed. R. Civ. P. 56; Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–55 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson, 477 U.S. at 247–48. The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 325. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact regarding trial. See Matsushita Elec. Indus. Co., 475 U.S. at 587. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250. In evaluating affidavits submitted in support of or in opposition to a motion for summary judgment, the court may reject inadmissible evidence (such as hearsay) described in such affidavits. See Fed. R. Civ. P. 56(c); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996).

The BOP has authority to award credit towards a sentence of incarceration for time spent in

pretrial detention as follows:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. § 3585 (emphasis added). "Congress made clear [in § 3585(b)] that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992).

A term of federal imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A "federal sentence does not commence until the Attorney General receives the defendant into [his] custody for service of that sentence." United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998). "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005); see Evans, 159 F.3d at 912. A sovereign relinquishes its primary jurisdiction over a defendant when it releases the defendant on bond. Cole, 416 F.3d at 897. Thus, when the state of Alabama arrested Williams while he was on federal pretrial release, it obtained primary jurisdiction over Williams, and, by continuing to hold him, "retained legal custody at all relevant times." Trowell v. Beeler, 135 Fed. App'x 590, 594 n.2 (4th Cir. 2005) (per curiam) (unpublished). A "writ of habeas corpus ad prosequendum, issued to bring a prisoner to his own trial, works as a mere loan of the prisoner to federal authorities and does not effectuate a change in custodian for purposes of the federal statute

5

. . . ." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (alterations omitted) (quotation omitted). "Principles of comity require that when the writ of habeas corpus ad prosequendum is satisfied, the receiving sovereign return the prisoner to the sending sovereign." Evans, 159 F.3d at 912. Thus, although Williams's federal sentence was imposed before the state sentence, Williams still had not been received at a federal correctional facility to begin serving his federal sentence, and Alabama retained primary jurisdiction. See 18 U.S.C. § 3585(a); Trowell, 135 F. App'x at 594 n.2. Although Alabama could have waived or relinquished primary jurisdiction, it did not. See, e.g., United States v. Warren, 610 F.2d 680, 684–85 (9th Cir. 1980).

Essentially, Williams contends that the federal government never relinquished primary jurisdiction over him because it placed him on house arrest rather than releasing him on bond. See, e.g., Pet'r Resp. Opp'n Mot. Summ. J. 3. However, the premise is incorrect. Williams was released on conditions, including home detention. See, e.g., 18 U.S.C. § 3142(c). For purposes of primary jurisdiction, release on bond under 18 U.S.C. § 3142(b) or release on conditions under 18 U.S.C. §3142(c) is not material. Moreover, and in any event, the record shows that Alabama credited Williams for the time he seeks, and thus the BOP did not err in refusing to grant Williams that credit. See Wilson, 503 U.S. at 337; Bridgeman v. Bureau of Prisons, 112 Fed. App'x 411, 412-13 (6th Cir. 2004) (unpublished) ("In this case, it is undisputed that Bridgeman received credit on his state sentence for the time he spent in federal custody prior to the commencement of his federal sentence . . . . If Bridgeman were credited for this time against his federal sentence, he would be receiving improper double credit.").

Additionally, to the extent Williams seeks credit for the time he spent on federal pretrial release (February 3, 1998 to April 18, 1998), Williams's claim lacks merit. "Conditions of release are not custody. For the purpose of calculating credit for time served under 18 U.S.C. § 3585,

6

'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." United States v. Insley, 927 F.2d 185, 186 (4th Cir. 1991) (quotation and citation omitted) (release conditions required defendant to reside with her parents and leave residence only to seek employment or to travel to work or church); see Reno v. Koray, 515 U.S. 50, 59 (1995) ("§ 3585(b) reduces a defendant's 'imprisonment' by the amount of time spent in 'official detention' before his sentence, strongly suggesting that the period of presentence 'detention' must be equivalent to the 'imprisonment' itself"); Dawson, 50 F.3d at 888 (11th Cir. 1995) ("release stipulations or imposed conditions that do not subject a person to full physical incarceration do not qualify as official detention" for purposes of § 3585(b)). Thus, Williams is not entitled to any credit towards his sentence or period of supervised release for the time he spent on pretrial release, including home detention.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Williams's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. §2253(c).

III.

For the reasons stated, the court GRANTS respondent's motion to dismiss or for summary judgment [D.E. 7] and DISMISSES petitioner's application for a writ of habeas corpus. The court DENIES AS MOOT petitioner's motion [D.E. 11]. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This 10 day of October 2011.

JAMES C. DEVER III
Chief United States District Judge

7

Case 5:10-hc-02006-D   Document 12   Filed 10/11/11   Page 7 of 7